U.S. DISTRICT COURT
SOUTHERN DISTRICT TEXAS
FILED
JAN -8 02
MICHAEL N. MILBY, CLERK

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **LA MIRAGE HOMEOWNERS' ASSOCIATION a/k/a LA MIRAGE CONDOMINIUM COUNCIL OF OWNERS, INC.,** | § | |
| **Plaintiff,** | § | **C.A. No. C-01-551** |
| **v.** | § | **Jury Demanded** |
| **ROYAL SURPLUS LINES INSURANCE COMPANY, GAB ROBINS NORTH AMERICA, INC., RIMKUS CONSULTING GROUP, INC., ARGUS-KING I ENVIRONMENTAL, LTD. and ARGUS-KING I ENVIRONMENTAL, L.L.C.,** | § | |
| **Defendants.** | § | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN**
**UNDER RULE 26(f)**
**FEDERAL RULES OF CIVIL PROCEDURE**

1. **State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.**

On January 4, 2002, Darrell A. Barger, Jay W. Brown, and Stephen R. Wedemeyer (counsel for Defendants Royal Surplus Lines Insurance Company ["Royal"] and GAB Robins North America, Inc. ["GAB"]), David Ward (counsel for Defendant Rimkus Consulting Group, Inc. ["Rimkus"]), and Fred D. Dreiling (counsel for Plaintiff La Mirage Homeowners' Association a/k/a La Mirage Condominium Council of Owners, Inc.) met via teleconference for approximately one hour.

2. **List the cases related to this one that are pending in any state or federal court with the case number and court.**

C.A. No. 01-CV-2539: *Royal Surplus Lines Insurance Company v. La Mirage Condominium Council of Co-Owners, Inc., La Mirage Condominium Council of Co-Owners Inc. c/o CCMS, Condominium Consulting and Management Services, Inc. and La Mirage Homeowners Association*; In the United States District Court for the Southern District of Texas, Houston Division. Declaratory judgment action filed by Royal.

La Mirage has filed a motion to dismiss, or to stay, or in the alternative, to transfer venue in the Houston case. Royal has filed a response to La Mirage's motion. Subsequently, La Mirage filed a motion requesting that the Houston federal court postpone a decision on La Mirage's motion to dismiss or to stay, pending a determination by this Court on La Mirage's motion to remand, and motion to dismiss. The Houston federal court has not ruled on these motions.

3. **Briefly describe what this case is about.**

Suit on an insurance contract. Plaintiff also asserts extra-contractual claims.

4. **Specify the allegation of federal jurisdiction.**

Diversity of citizenship, with the amount in controversy exceeding seventy-five thousand dollars ($75,000). 28 U.S.C. § 1332.

5. **Name the parties who disagree and the reasons.**

Plaintiff disagrees for the reasons set forth in its Motion to Remand and Motion to Dismiss, which Plaintiff filed on December 28, 2001.

6. **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

None.

7. **Listed anticipated interventions.**

None.

8. **Describe class-action issues.**

None.

9. **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

No party has made its Rule 26(a) disclosures. For the sake of judicial economy, the parties request a deferral of the Rule 26 disclosures until *after* the Court rules on the jurisdictional issues raised in Plaintiff's Motion to Remand and Motion to Dismiss, which was filed on December 28, 2001.

The parties have agreed to make initial disclosures no later than 30 days *after* the entry of the Court's Order ruling on Plaintiff's Motion to Remand and Motion to Dismiss.

10. **Describe the proposed agreed discovery plan, including:**

The parties have discussed at length the agreed discovery plan, and subject to this Court's approval, the parties would respectfully request a Scheduling Order as follows:

Trial ........................................................ Monday, February 17, 2003

Final Pre-Trial Conference ................................ Friday, February 14, 2003

Joint Pre-Trial Order filed ............................................. February 3, 2003

Plaintiff Submits Proposed Joint Pre-Trial to Defendants .. January 13, 2003

Dispositive Motion Deadline ........................................ November 29, 2002

Daubert Motion Deadline ............................................ November 29, 2002

Deadline for Joinder of Parties..................... 30 days after initial disclosures

Deadline for Amendment of Pleadings ........................... September 1, 2002

Discovery cut-off ........................................................ December 15, 2002

Designation of Plaintiff's Experts ................................ September 15, 2002

*Disputed*: Designation of Defendants' Experts................ October 15, 2002

The parties respectfully respond to the remaining separately lettered portions of item 10 as follows:

**A. Responses to all the matters raised in Rule 26(f):**

None of the matters raised in Rule 26(f) require the Court's special attention at this time, except for an issue on which the parties disagree: whether phased discovery is appropriate.

**Defendants Royal and GAB Robins respectfully submit:**

This is a property claim for water intrusion and alleged mold in a mid-rise beach-front condominium complex. After a reasonable investigation, but prior to making its coverage determination, Royal sought declaratory relief on pure coverage issues in the first-filed action in the Houston Division. Regardless of where this case proceeds, Royal will seek dispositive relief on coverage issues. It will be much more efficient for this Court and all parties, and less costly for the parties, to limit initial discovery to the coverage issues. Only once the Court determines coverage or

otherwise provides guidance to the parties on coverage, should discovery even be considered on the "bad faith" claims handling issues.

The facts germane to coverage will involve ***the building***: the cause and history of the water intrusion and mold, the past building modifications/repairs and those projected in the future to remedy the water intrusion, building construction, occupancy, maintenance, etc.

As with most extra-contractual disputes, the "bad faith" claims will focus on the *claims handling* of this claim by Royal and its representatives. After this Court considers the coverage issues, there may well be no extra-contractual issues to decide, or alternatively, the parties' and the Court's understanding of whether "liability was reasonably clear" will be refined so as to allow for efficient discovery on any remaining issues. Accordingly, Royal asks that discovery be conducted in phases, with the first phase limited to contractual issues, and a second phase, if necessary, be allowed for extra-contractual issues and any remaining contractual discovery.

**La Mirage respectfully submits:**

La Mirage disagrees with Royal's characterization of the insurance claims. La Mirage initially reported that extensive water intrusion and mold/mildew had developed throughout the complex. Subsequently, it was found that La Mirage had mold and bacterial infestation and damage as a result of causes other than merely "wind driven" rain. La Mirage brought this to Royal's attention, and insisted that Royal investigate these other claims as well.

La Mirage believes "traditional" discovery is the appropriate vehicle. First, Royal has already paid $250,000.00 toward La Mirage's "mold" damages. It seems a little late to be arguing that damage due to mold is not covered under Royal's policy.

Additionally, Royal's "phased" discovery approach would be wasteful. This point is best illustrated by example. Royal's adjuster wrote La Mirage and: acknowledged that Royal had further work to do on the claim before it could be resolved; acknowledged that Royal had the obligation – and would continue to live up to its obligation – to be fair to La Mirage; and assured La Mirage that Royal wanted to work with La Mirage in the spirit of cooperation, and "certainly" wanted to avoid litigation. Eight days later – in an attempt to deny La Mirage's claims - Royal filed a declaratory judgment action in a Houston federal court. Royal did not tell La Mirage about the declaratory action, and did not have La Mirage served with it for over three months.

It seems clear that Royal's adjuster would have knowledge of facts that are relevant to La Mirage's contractual claims, and the Article 21.21 and other extra-contractual claims. It would be wasteful of everyone's time, effort and money to have to depose Royal's adjuster twice, when all the needed testimony could be obtained at one deposition.

Other than the laboratory representatives, the same holds true for the other individuals La Mirage currently intends to depose, i.e., these other witnesses should have knowledge of facts relevant to La Mirage's contractual and extra-contractual claims. La Mirage believes it would be less costly, and more efficient, for everyone to depose these people once, rather than twice.

**B. When and to whom Plaintiff anticipates it may send interrogatories.**

Plaintiff will send interrogatories to all opposing parties on or before 30 days after initial disclosures are made by all opposing parties.

**C. When and to whom Defendants anticipate they may send interrogatories.**

Each Defendant will send interrogatories to Plaintiff on or before 30 days after being served with interrogatories from Plaintiff.

**D. Of whom and by when Plaintiff anticipates taking oral depositions.**

Plaintiff La Mirage intends to depose: 1) Mr. Roger Sawyer (GAB); 2) Mr. Henry King (Argus/King); 3) Mr. Robert Miller (Argus/King); 4) a representative of Aerotech Laboratories, Inc.; 5) Mr. Theodore J. Passon, or other representative, of Pure Earth Environmental Laboratories, Inc.; 6) Mr. Jerry Mercer (Rimkus); 7) Mr. Lee Ellis (Rimkus); 8) Mr. Mark Schwartz, (a vice-president with Royal); and 9) a currently unknown number of representatives or employees of Royal and GAB. Discovery will reveal the identity of other individuals with knowledge of relevant facts, both fact and expert, and all parties reserve the right to depose such individuals as they are disclosed or discovered. The depositions will be completed by the December 15, 2002 discovery deadline requested by the parties.

**E. Of whom and by when Defendants anticipate taking oral depositions.**

Defendants Royal and GAB anticipate deposing (1) Teresa Ardoin; (2) Lloyd Strom; (3) currently unknown number of representatives or employees of La Mirage; (4) currently unknown number of individuals involved in making the insurance claim; (5) currently unknown number of individuals and entities involved in the construction, management and maintenance of the La Mirage complex and parts thereof; (6) currently unknown number of representatives or employees of Condominium Consulting and Management Services, Inc. ["CCMS"]; (7) Charles W. Crawford (CCMS); and (8) currently unknown number of owners and residents of La Mirage units. Discovery will reveal the identity of other individuals with knowledge of relevant facts, both fact and expert, and all parties reserve the right to depose such individuals as they are disclosed or discovered. The depositions will be completed by the December 15, 2002 discovery deadline requested by the parties.

Defendant Rimkus anticipates being dismissed from the case prior to depositions.

**F. When Plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

Plaintiff: September 15, 2002.

Defendants: October 15, 2002 (This is a disputed date.)

**G. List expert depositions Plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert reports).**

Defense experts have not been designated, but La Mirage expects to depose Defendant's designated experts by the proposed December 15, 2002 discovery deadline, and anticipates full cooperation from defense counsel in the scheduling of these depositions.

**H. List expert depositions Defendants anticipate taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert reports).**

Plaintiff's experts have not been designated, but Defendants expect to depose Plaintiff's designated experts by the proposed December 15, 2002 discovery deadline, and anticipates full cooperation from Plaintiff's counsel in the scheduling of these depositions.

**11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

The parties disagree on the need for phased discovery as set forth in the parties response to No. 10 above.

The parties also disagree as to a separate date for the Defendants' Designation of Experts. The Defendants' request that this date be 30 days after the Plaintiff designates expert, whereas Plaintiff La Mirage prefers to have all parties designate experts on the same date.

**12. Specify the discovery beyond initial disclosures that has been undertaken to date.**

None.

**13. State the date the planned discovery can reasonably be completed.**

At this point in time, the parties anticipate that planned discovery can reasonably be completed by the proposed December 15, 2002 discovery deadline.

**14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

The parties discussed mediation, but agree that for mediation to be successful, significant discovery of the parties' claims and defenses must first be completed.

**15. Describe what each party has done or agreed to do to bring about a prompt resolution.**

The parties discussed mediation, but agree that for mediation to be successful, significant discovery of the parties' claims and defenses must first be completed.

**16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

The parties discussed mediation, but agree that for mediation to be successful, significant discovery of the parties' claims and defenses must first be completed.

**17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

The parties do *not* agree to trial before a magistrate judge.

**18. State whether a jury demand has been made and if it was made on time.**

A timely jury demand was made by Plaintiff in the State Court action.

**19. Specify the number of hours it will take to present the evidence in this case.**

Although the parties are uncertain at this stage of discovery, at this time, the parties anticipate that it will take 50-60 hours for Plaintiff and 50-60 hours for Defendants to present the evidence in this case.

**20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

Plaintiff's Motion to Remand and Motion to Dismiss filed on December 28, 2001.

**21. List other motions pending.**

Defendants anticipate moving for sequenced expert designation dates and for phased discovery.

**22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

None.

**23. Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.**

Plaintiff filed its Disclosure of Interested Parties on January 7, 2002. Defendants Royal and GAB filed their Disclosure of Interested Parties on December 13, 2001. Defendant Rimkus will file its Disclosure of Interested Parties by January 18, 2002.

**24. List the names, bar numbers, addresses and telephone numbers of all counsel.**

Fred D. Dreiling by James R. McKibben w/permission — 1-8-2002
Date

Fred D. Dreiling
Texas Bar No. 06115100
S.D.T. No. 19239
**Law Office of Fred D. Dreiling**
Bank of America Building
500 North Shoreline, Suite 714
Corpus Christi, Texas 78471
Phone: (361) 883-0186
Fax: (361) 882-4112

Michael G. Morris by James R. McKibben w/permission — 1-8-2002
Date

Michael G. Morris
State Bar No. 1449500
S.D.T. NO. 296
**Law Office of Michael G. Morris**
5350 South Staples St., Suite 222
Corpus Christi, Texas 78411
Phone: (361) 993-4571
Fax: (361) 993-4573

**ATTORNEYS FOR PLAINTIFF**

Darrell A. Barger by James R. McKibben, Jr. w/permission — 1-8-2002
Date

Darrell L. Barger
Texas Bar No.: 01733800
S.D.T. No. 646
**BARGER, HERMANSEN, MCKIBBEN & VILLAREAL, P.C.**
One Shoreline Plaza
800 N. Shoreline Blvd., Suite 2000 North Tower
Corpus Christi, Texas 78478
Phone: (361) 882-6611
Fax: (361) 866-8039

Jay W. Brown by James R. McKibben, w/permission — 1-8-2002

Jay W. Brown
Texas Bar No. 03138830
Stephen R. Wedemeyer
Texas Bar No. 00794832
S.D.T. No. 19797
**BEIRNE, MAYNARD & PARSONS, L.L.P.**
1300 Post Oak Blvd., Suite 2400
Houston, Texas 77056
Telephone: (713) 623-0887
Facsimile: (713) 960-1527

Date

**ATTORNEYS FOR DEFENDANTS,
ROYAL SURPLUS LINES INSURANCE CO.;
AND GAB ROBINS NORTH AMERICA, INC.**

____________________________________

David A. Ward, Jr.
Texas Bar No. 00792646
S.D.T. No. __________
Ms. Deborah Cowan Lidji
Texas Bar No. 00785177
S.D.T. No. __________
**Drucker, Rutledge, Ward & Smith, L.L.P.**
Waterway Plaza One
10003 Woodloch Forest Drive, Suite 100
The Woodlands, TX 77380
Tel.: (281) 681-3515
Fax: (281) 681-3539

Date

**ATTORNEYS FOR DEFENDANT,
RIMKUS CONSULTING GROUP INC.**